UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SUSAN C. LAURITSEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:22 CV 1073 JMB |
| | ) |
| STATE FARM MUTUAL AUTOMOBILE | ) |
| INSURANCE COMPANY and JANE DOE, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court for examination pursuant to Rule 4(m), Federal Rules of Civil Procedure. Plaintiff Susan C. Lauritsen ("Plaintiff") filed this case on September 2, 2022, in the Circuit Court of St. Louis City, and Defendant State Farm Mutual Automobile Insurance Company removed the action to this Court on October 7, 2022. A review of the Court file shows that Defendant Jane Doe has not been served with summons and complaint in this matter, and service has not been waived on her behalf. Under Rule 4(m), the Court, after notice to the plaintiff, is directed to dismiss an action against a defendant upon whom service has not been made within ninety days after the filing of the complaint.

"[T]he sufficiency of service of process prior to removal is determined by state law, and after removal, by federal law." Barner v. Thompson/Center Arms Co., 796 F.3d 897, 900 (8th Cir. 2015) (internal citation omitted). Federal law applies to the evaluation of service attempts after removal. Id. In cases removed from any state court to any district court of the United States in which the service has not been perfected prior to removal, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court. See 28 U.S.C. § 1448. In a removed case, the 90-day time for service is measured

1

from the date of removal, not the date of filing of the state law case.  See, e.g., Taylor v. Clark Equip. Co., 2022 WL 1640372, at *6 (E.D. Mo. May 24, 2022) (collecting cases and stating, "Courts have consistently held that the 90-day period [for service under Rule 4(m)] runs from the date of removal, not the date the plaintiff filed the petition in state court.").

Under Rule 4(m), "if a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order the service be made within a specified time." Fed. R. Civ. P. 4(m).

Here, the case was removed on October 7, 2022.  Thus, under Rule 4(m), Plaintiff has until January 5, 2023, to obtain timely service.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff shall cause service to be effected upon Defendant Jane Doe and file proof of service not later than January 5, 2023.  In the absence of good cause, failure to timely serve Defendant Jane Doe will result in the dismissal of Plaintiff's claims against Defendant Jane Doe without prejudice.

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 20th day of December, 2022.